1   Teresa Renaker, Cal. Bar No. 187800
    Kirsten Scott, Cal Bar. No. 253464
2   RENAKER HASSELMAN SCOTT LLP
    505 Montgomery St., Suite 1125
3   San Francisco, CA 94111
    Telephone: (415) 653-1733
4   Facsimile: (415) 727-5079
    teresa@renakerhasselman.com
5   kirsten@renakerhasselman.com
6
7   *Attorneys for Plaintiff*

8

9                  UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12

13  Samuel Elias,                          Case No. 21-cv-9567

14          Plaintiff,

15  vs.                                    **COMPLAINT (ERISA)**

16
    Canon Employee Savings and Retirement Plan
17  and Canon U.S.A., Inc.,

18          Defendants.

19

20                        **JURISDICTION**

21       1.      Plaintiff Samuel Elias ("Plaintiff" or "Mr. Elias") brings this action for

22  declaratory, injunctive, and monetary relief pursuant to § 502(a)(1)(B) and (c) of the Employee

23  Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), (c). This Court

24  has subject matter jurisdiction over Plaintiff's ERISA claims pursuant to ERISA § 502(e) and (f),

25  29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

26  / /

27  / /

28

COMPLAINT

**VENUE**

2.      Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because defendant Canon Employee Savings and Retirement Plan ("Canon Plan") is administered in part in this District and defendant Canon U.S.A., Inc. may be found in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

**INTRADISTRICT ASSIGNMENT**

3.      Pursuant to Civil Local Rule 3-2(c) and (e), this action should be assigned to the San Jose Division because the defendant pension plan is administered in part in Santa Clara County and a substantial part of the events or omissions which give rise to the claims occurred in Santa Clara County.

**THE PARTIES**

4.      At all relevant times, Plaintiff has been a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Canon Plan. Plaintiff resides in Sunnyvale, California.

5.      Defendant Canon Plan is a pension plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(2), 29 U.S.C. § 1002(2). The Canon Plan is an "individual account plan" or "defined contribution plan" as defined in ERISA § 3(34), 29 U.S.C. § 1002(34), meaning that it provides for an individual account for each participant, and for benefits based on the amount contributed to the participant's account as well as any income, expenses, gains and losses that may be allocated to such participant's account.

6.      Defendant Canon U.S.A., Inc. ("Canon") is a New York corporation with its principal place of business in Melville, New York. Canon is the sponsor of the Canon Plan, and it is the administrator of the Canon Plan within the meaning of ERISA § 3(16)(A)(i), 29 U.S.C. § 1002(16)(A)(i). As the Plan Administrator, Canon is the entity responsible for all aspects of plan administration, including providing plan-related documents to Plan participants as required by ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4), providing pension benefit statements to Plan participants as required by ERISA § 105(a), 29 U.S.C. § 1025(a), and processing claims for

benefits as required by ERISA § 503, 29 U.S.C. § 1133, and 29 C.F.R. § 2560.503-1, among other responsibilities.

## **FACTS**

### **Mr. Elias's Employment and Pension Service**

7.      Mr. Elias worked for Siemens Information Systems ("Siemens") from July 1, 1989 to November 30, 1994. As a result of this employment, he participated in the Siemens Pension Plan, a defined benefit pension plan,[1] as well as the Siemens Savings Plan, a defined contribution plan. When Mr. Elias left employment with Siemens in late 1994, his defined contribution plan account remained in the Siemens Savings Plan.

8.      Over the following two decades, as a result of multiple corporate mergers and acquisitions, a portion of the Siemens Savings Plan merged into the Océ Printing Systems USA, Inc. Savings Plan ("Océ Plan"), which became the Océ Employees' Savings and Investment Plan ("Océ Plan II"), which was renamed the Océ Business Services, Inc. Savings and Investment Plan (Océ Plan III), and which then merged into the Canon Plan.

9.      Upon information and belief, Mr. Elias's Siemens Savings Plan account followed these plan transfers, with Mr. Elias becoming a participant in the Canon Plan effective January 1, 2012, based on his previous employment with Siemens.

10.      More specifically, in 1996, Siemens sold the division for which Mr. Elias last worked – Siemens-Nixdorf Printing Systems, L.P. – to Océ N.V., forming Océ Printing Systems. Effective January 1, 1997, Océ Printing Systems established the Océ Plan. According to Alight Solutions LLC, third-party administrator of the Siemens Plan, Mr. Elias's Siemens Savings Plan account "was converted out to OCE North America" on January 30, 1997. Alight reported that the balance in Mr. Elias's account was $22,818.09 at the time of that transfer.

11.      In 2001, Océ Printing Systems, as Plan Administrator of the Océ Plan, reported to the Social Security Administration ("SSA") that Mr. Elias had an account with a value of

---

[1] Plaintiff's pension benefit under the defined benefit plan is not at issue in this case.

$34,636 in the Océ Plan. SSA, in turn, notified Mr. Elias of the account and its account value when Mr. Elias turned 65 in 2012.

12.    However, by the time SSA notified Mr. Elias of his account in the Océ Plan, that plan had transferred its assets through a series of other plans to the Canon Plan.

13.    According to the 2002 IRS Form 5500 for the Océ Plan, during 2002, Océ Printing Systems transferred all of the assets of the Océ Plan to the newly-established Océ Plan II, sponsored by Océ-USA Holding, Inc.

14.    The Océ Plan II subsequently changed its name to the Océ Business Services, Inc. Savings and Investment Plan (Océ Plan III).

15.    According to the 2011 Financial Report for the Océ Plan III ("Financial Report"), effective December 1, 2003, Océ Printing Systems USA, Inc. merged with Océ-USA, Inc. to form Océ North America, Inc.

16.    Also according to the Financial Report, in 2011, Canon acquired over 80% of Océ N.V. shares, and Océ N.V. and its affiliates, including Océ-USA Holding, Inc., became part of the Canon Inc. controlled group. Effective December 31, 2011, the Océ Plan III spun off all participant accounts to the Canon Plan, except those relating to participants employed by Océ Business Services, Inc. and Archer Government Services, Inc. The transferred participants were referred to as "Non-OBS/AGS participants." Upon information and belief, Mr. Elias was a non-OBS/AGS participant, and thus became a participant in the Canon Plan, because he never worked for Archer Management Services, Inc. – which became Océ Business Services, Inc. – or for Archer Government Services, Inc.

17.    As a result of this spinoff, the Océ Plan III transferred $314,023,229 of its assets to the Canon Plan. All non-OBS/AGS participants became participants of the Canon Plan effective January 1, 2012.

18.    Thus, Mr. Elias has been a participant of the Canon Plan at all times since January 1, 2012.

19.    Mr. Elias has never received any distribution from the Canon Plan, or from any of its predecessor plans.

20.     Mr. Elias has not received any communications regarding his retirement account from any of the Océ plan administrators or from Canon. He has not received account statements, summary annual reports, summary plan descriptions, or any other plan communications.

**The Administrative Claims Process and Mr. Elias's Document Request**

21.     In July 2012, Mr. Elias turned age 65. The Canon Plan was required to distribute Mr. Elias's benefit within 60 days after the close of the 2012 Plan year, unless he elected otherwise in writing. ERISA § 206(a), 29 U.S.C. § 1056(a); *see* IRC § 401(a)(14); Treas. Reg. 1.401(a)-14(a). However, on information and belief, Canon, as Plan Administrator, made no effort to locate Mr. Elias to distribute his benefit, or to obtain his written election to postpone distribution.

22.     In January 2018, Mr. Elias reached age 70 ½. Under the law in effect at that time, the Canon Plan was required, no later than April 1, 2019, to either distribute his entire benefit or commence minimum distributions. IRC § 401(a)(9). However, on information and belief, Canon, as Plan Administrator, again made no effort to locate Mr. Elias to commence his benefit.

23.     Mr. Elias did begin receiving his defined benefit pension from the Siemens Pension Plan upon the required starting date. To this day, however, he still has not received any distribution from the defined contribution Canon Plan, or from any of the previous iterations of that plan.

24.     In August 2019, with the help of the Western States Pension Assistance Project, Mr. Elias sent Canon a request for documents pursuant to ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4), and for a statement of accrued benefits pursuant to ERISA § 105(a), 29 U.S.C. § 1025(a). Canon never provided these documents in response to this request, despite its obligations to do so under ERISA.

25.     In December 2019, the Western States Pension Assistance Project submitted to Canon a claim for benefits on behalf of Mr. Elias. However, Canon never provided a distribution of Mr. Elias's benefits, and it also never issued a notice of adverse benefit determination pursuant to 29 C.F.R. § 2560.503-1(f)(1).

26.     In June 2021, with the assistance of counsel, Mr. Elias submitted to Canon another claim for benefits from the Canon Plan. Again, Canon never provided a distribution of Mr. Elias's benefits, and it never provided any written response to the claim.

27.     Pursuant to 29 C.F.R. § 2560.503-1(1), because the Plan Administrator has failed to comply with the deadlines set by the Department of Labor regulations, Mr. Elias is deemed to have exhausted the administrative remedies available under the Canon Plan.

### FIRST CLAIM FOR RELIEF
### Claim for Benefits Pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) Against All Defendants

28.     Plaintiff incorporates Paragraphs 1 through 27 as though fully set forth herein.

29.     ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan, and/or to clarify his rights to future benefits under the terms of a plan.

30.     Plaintiff is a participant in the Canon Plan and has never received a distribution from that plan or any of its predecessor plans. Plaintiff is entitled to a distribution of his benefits under the Canon Plan.

### SECOND CLAIM FOR RELIEF
### Claim for Penalties for Document Disclosure Violations Pursuant to ERISA § 502(c), 29 U.S.C. § 1132(c) Against Defendant Canon

31.     Plaintiff incorporates Paragraphs 1 through 27 as though fully set forth herein.

32.     ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4), provides that a plan administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

33.     ERISA § 105(a), 29 U.S.C. § 1025(a), provides that the administrator of an individual account plan such as the Canon Plan has an obligation to produce to a plan participant a pension benefit statement stating the participant's total accrued benefits. Specifically, under ERISA § 105(a)(1)(A)(i) and (ii), the plan administrator must produce a pension benefit

statement at least once each calendar year, and in addition, under ERISA § 105(a)(1)(A)(iii), the plan administrator must also produce a pension benefit statement in response to a written request from a plan participant.

34.     ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a plan participant to file suit to obtain injunctive and other appropriate equitable relief from a violation of ERISA.

35.     ERISA § 502(a)(1)(A), 29 U.S.C. § 1132(a)(1)(A), authorizes a plan participant to bring a civil action for the relief provided for in ERISA § 502(c), 29 U.S.C. § 1132(c).

36.     ERISA § 502(c)(1)(A), 29 U.S.C. § 1132(c)(1)(A), provides that any administrator who fails to meet the requirements of ERISA § 104(b)(4) or ERISA § 105(a), may in the court's discretion be personally liable to such participant in the amount of up to $100 a day from the date of such failure, and the court may in its discretion order such other relief as it deems proper. For this purpose, each violation with respect to any single participant shall be treated as a separate violation. 29 C.F.R. § 2575.502c-1 increases the penalty under ERISA § 502(c) to $110 per day.

37.     Defendant Canon, as the Plan Administrator, has failed or refused to comply with Mr. Elias's request for documents, including summary plan descriptions and annual reports, pursuant to ERISA § 104(b)(4), from August 2019 to the present.

38.     In addition, Defendant Canon, as Plan Administrator, has failed or refused to comply with its obligation to provide annual benefit statements pursuant to ERISA § 105(a)(1)(A)(i) or (ii) at all times since January 2012, when it became administrator of the Plan. It has also failed or refused to comply with its obligation to provide a benefit statement in response to Mr. Elias's August 2019 request, pursuant to ERISA § 105(a)(1)(A)(iii).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that the Court grant the following relief:

### **As to the First Claim for Relief:**

A.     Declare that Defendants have violated the terms of the Plan by failing to pay benefits to Plaintiff and in accordance with the terms of the Plan;

B.      Order Defendants to pay benefits to Plaintiff, together with prejudgment interest through the date judgment is entered herein;

C.      Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and

D.      Provide such other relief as the Court deems equitable and just.

**<u>As to the Second Claim for Relief:</u>**

A.      Pursuant to ERISA § 502(c), 29 U.S.C. § 502(c), find Canon personally liable to Mr. Elias in the amount of $110 per day from the date of each separate failure to meet the requirements of ERISA §§ 104(b)(4) and 105(a), 29 U.S.C. §§ 1024(b)(4) and 1025(a);

B.      Pursuant to ERISA § 502(c), 29 U.S.C. § 502(c), order such other relief as the Court deems proper;

E.      Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and

F.      Provide such other relief as the Court deems equitable and just.

Dated: December 10, 2021            Respectfully submitted,


                                    RENAKER HASSELMAN SCOTT LLP

                        By:         _____
                                    Kirsten Scott
                                    *Attorneys for Plaintiff*